UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT ANDERSON,

    Plaintiff,

v.                                  CASE No. 8:06-CV-196-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

    Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision will be affirmed.

---

[1] Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted, therefore, for JoAnne B. Barnhart as the defendant in this suit.

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

I.

The plaintiff, who was forty-five years old at the time of the administrative hearing and who has the equivalent of a high school education (Tr. 311-12), has worked primarily as a manual laborer, welder, and machine operator (Tr. 71, 79). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to a spiral fracture of his right femur (Tr. 70). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of a non-healing right femoral fracture and a subtrochanteric hip fracture, chronic low back pain, major depression, and substance abuse disorder (Tr. 20). The law judge determined that due to these impairments the plaintiff was under a disability from August 14, 2000, through May 31, 2003 (Tr. 21). The law judge also concluded that, as of June 1, 2003, the plaintiff had the residual functional capacity to perform a range of sedentary work (id.). The law judge set forth the additional limitations that the plaintiff was restricted to simple routine tasks with minimum public social

interaction, that he should avoid climbing ladders and scaffolds, that he should only occasionally climb stairs, balance, stoop, crouch and kneel, and that he could only occasionally perform fine and gross manipulations with his hands (id.). Relying upon the testimony of a vocational expert, the law judge found that these restrictions prevented the plaintiff from returning to his past work (Tr. 19). However, based upon the expert's testimony, the law judge ruled that the plaintiff could perform other work that exists in the national economy, such as a surveillance system monitor and a small parts assembler as a lens inserter (Tr. 21). Accordingly, the law judge decided that the plaintiff was not disabled as of June 1, 2003 (Tr. 22). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner (Tr. 5-7).

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the

Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff fractured his right hip in August 2000 while at work. He subsequently suffered a second fracture of that hip in May 2002. In the interim, he had an operation to remove hardware from surgery that followed the first fracture. The law judge concluded that, as a result of these problems, the plaintiff was disabled from the time of the first injury until June 1, 2003. By that point, the plaintiff had not been treated for his physical problems for several months (see Tr. 303). Accordingly, the law judge decided that the plaintiff was no longer disabled as of June 1, 2003.

The plaintiff challenges the law judge's decision solely on the ground that the law judge erred in discounting the plaintiff's subjective complaints. The plaintiff's contention is unpersuasive.

The Eleventh Circuit articulated a number of years ago a standard for assessing allegations of pain and other subjective complaints. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th

Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that, under this test, the objectively determined medical condition does not, and could not reasonably, support the subjective complaints, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of the subjective complaints. Landry v. Heckler, supra; Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).  He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 557 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable

basis for rejecting such testimony." Hand v. Heckler, supra, 761 F.2d at 1549 n.6.  In other words, this credibility finding must be explained.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, supra, 826 F.2d at 1004.

In this case, the law judge referred to Landry, as well as the pertinent regulations and Social Security Ruling governing the assessment of subjective complaints (Tr. 17).  This demonstrates that he applied the Eleventh Circuit's standard for evaluating pain and other subjective complaints.  Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).  Furthermore, the law judge's analysis complied with that standard in that he provided explicit and adequate reasons for his determination.  Cannon v. Bowen, supra.

Thus, the law judge, after setting forth factors that, under the regulations, are to be considered in making a credibility determination of subjective complaints, stated that he "has considered these factors as well as the medical and work history, the findings made on examination, the opinions of medical sources and the claimant's demeanor at hearing" (Tr. 17).

As the Commissioner points out, the plaintiff's last treatment of record was on January 29, 2003, and that was by a psychiatrist (Tr. 297).  The last examination by a treating physician for physical problems appears to have

been on November 29, 2002 (see Tr. 303). Clearly, the lack of medical treatment as of June 1, 2003, contradicts any claim of disabling pain.

The only medical evidence in the record from the pertinent time period is an independent medical evaluation performed by Dr. Maury L. Fisher on June 16, 2003 (Tr. 300). Notably, Dr. Fisher was employed for the task by plaintiff's counsel. The law judge summarized that piece of evidence as follows (Tr. 15):

> An independent medical evaluation performed by Dr. Maury Fisher on June 16, 2003[,] noted that the claimant's leg discrepancy had been adequately corrected, as the claimant demonstrated a minimal limp on the right side. Physical exam revealed normal flexion and extension with no pain. Internal and external rotation of the hip was somewhat limited. Dr. Fisher concluded that the claimant's femur fracture and osteotomy had healed. He assigned an 11% impairment of the left lower leg due to limited range of motion, which translates to a 4% limitation of the whole person. Dr. Fisher further assigned an additional 3% impairment rating due to the claimant's chronic pain and concluded that he could likely perform a sedentary type job, with appropriate training. He further recommended that the claimant undergo treatment for his history of alcohol abuse (Ex 19F).

Accordingly, the law judge, in assessing the plaintiff's residual functional capacity, stated (Tr. 18):

> Dr. Fisher's independent medical evaluation performed on June 16, 2003[,] opined that the claimant was able to work at a sedentary job. Dr. Fisher noted that the claimant demonstrated a minimal limp and neurological assessment was essentially intact. Other treating physicians indicated that they were pleased with the degree of healing in the claimant's fracture. The claimant himself testified at the hearing that he was able to lift and carry a gallon of milk and even up to 40 pounds maximum, but not repeatedly. He stated that he walked for an hour a day and could sit up to two hours at a time before having to change positions.

These circumstances clearly support the law judge's credibility determination.

In addition, the law judge stated that he found the plaintiff's subjective allegations not fully credible because, while the plaintiff testified that he voluntarily decided to stop taking his pain medication (Tr. 324, 325), the record indicated that the plaintiff's treating physician, Dr. Saqib B. Khan, refused to prescribe the plaintiff more narcotics since the plaintiff was showing up for appointments intoxicated (Tr. 18; see Tr. 290). While the plaintiff argues that this does not show that the plaintiff was not credible, the law judge could reasonably conclude that Dr. Khan's records demonstrate that the plaintiff was not being truthful and candid when he stated that he stopped medications on his own "because of [his] personality" (Tr. 324).

The law judge also stated that the plaintiff's own description of his activities was inconsistent with being precluded from all work (Tr. 18). Those activities, which had been outlined by the judge earlier in the paragraph, included being able to walk one to one and a half hours, sitting up to two hours before having to move, simple cooking, sweeping floors, and a little raking (Tr. 17).

Significantly, the law judge did not totally reject the plaintiff's testimony. Rather, he concluded that the plaintiff was restricted to a range of sedentary work. Thus, the law judge simply rejected the assertion that the plaintiff was totally incapacitated. Essentially, this amounted to a rejection of the plaintiff's assertion that he had to lie down two or three times a day for a couple of hours at a time (Tr. 322). Otherwise, the plaintiff's testimony was that he could sit for about two hours and then he would have "to get up and move a little bit" (Tr. 321). Consistent with this latter testimony, the law judge, in his hypothetical question to the vocational expert, restricted the plaintiff to sedentary work with the option to alternate position every thirty minutes.

Consequently, to the limited extent that the law judge discounted the plaintiff's testimony, the credibility determination was reasonable,

adequately explained and supported by substantial evidence. Under the substantial evidence standard, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." <u>Adefemi</u> v. <u>Ashcroft</u>, 386 F.3d 1022, 1027 (11th Cir. 2004)(<u>en banc</u>), <u>cert</u>. <u>denied</u>, 544 U.S. 1035 (2005). This principle would seem to apply rigorously to a credibility determination in light of the law judge's opportunity to assess the plaintiff's demeanor.

IV.

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence and does not contain reversible error. Therefore, the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this <u>14th</u> day of March, 2007.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE